HERBERT E. TAYLOR V. W. L. HUNTER ET AL.

FILED APRIL 5, 1906. No. 14,271.

Error: REVIEW. Where an examination of the pleadings filed and the evidence offered in support thereof shows that the party complaining procured a judgment more favorable to him than the law and the evidence warranted, we will not, at his request, examine alleged errors of the trial court in receiving testimony and in giving and refusing instructions.

ERROR to the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Joshua Palmer, F. I. Foss* and *R. D. Brown,* for plaintiff in error.

*Frederick Shepherd, contra.*

OLDHAM, C.

This was an action for damages for fraud and deceit alleged to have been practiced upon plaintiff by the defendants in selling him three and one-half shares of the capital

stock of the Hunter Printing Company, the material allegation being that no such company was ever legally incorporated, and that this fact was well known to the defendants, who falsely represented to the plaintiff that the Hunter Printing Company was legally incorporated under the laws of the state of Nebraska. Defendants answered with a general denial and other special defenses not necessary to be set forth in view of the conclusion about to be reached. There was a trial of the issues to the court and jury, and a verdict and judgment for plaintiff in the sum of $47. To reverse this judgment plaintiff brings error to this court.

The evidence contained in the bill of exceptions shows that, for several years before the purchase of the shares of stock alleged upon, plaintiff had been in the employ of a printing company managed by defendant Hunter; that the name and control of the company had changed several times during the course of his employment; that, some years before the sale of the stock complained of, the company had been duly and legally incorporated under the name of the Lillibridge-Hunter Printing Company, with a capital stock of $15,000; that under this name it had continued in business until Lillibridge sold his shares of stock in the corporation to defendant Hunter. At the time of this sale and transfer of stock, the minutes of the corporation show that the name was changed from the Lillibridge-Hunter Printing Company to the Hunter Printing Company. The amended articles of incorporation, however, were never filed for record with either the secretary of state or the county clerk of Lancaster county. The stock certificate sold and delivered to plaintiff had been printed as a certificate of stock in the Lillibridge-Hunter Printing Company, but when delivered to plaintiff the name Lillibridge was scratched out with a pen and the name Hunter Printing Company left in the certificate. Afterwards the articles of incorporation were amended and the amended articles filed, changing the name of the corporation to the Hunter-Woodruff Printing Com-

23

pany and increasing the capital stock from $15,000 to $25,000. And still later the articles of incorporation were again amended, changing the name from the Hunter-Woodruff Printing Company to the Woodruff-Collins Printing Company, and increasing the capital stock from $25,000 to $50,000.

It appears that the stock was purchased while plaintiff was in the employ of the company under the management of defendant Hunter; that at that time plaintiff was receiving $12 a week for his services in the company. Mr. Hunter offered to raise his wages to $15 a week, and to reserve $3 a week to be credited to him on the purchase of the stock in the corporation, if he would remain in its employ. He continued in the employ of the company until the amount of stock due him was four and one-half shares of the par value of $100 a share. He then quit the employ of the company and accepted a position in Chicago, Illinois. When he left for his new position he traded one of his shares of stock to M. Hunter, and retained the three and one-half shares, on which this suit was founded. After plaintiff had gone to Chicago the articles of incorporation were amended and the name changed to the Hunter-Woodruff Printing Company, and plaintiff was given an additional one and one-half shares of the Hunter-Woodruff Printing Company stock as a dividend, which he still retains. The three and one-half shares of the Hunter stock were carried on the books of the new company to his credit, and a four per. cent. dividend on his five shares of stock was paid him, and received and retained by him. After the company had again increased its capital stock and filed its amended articles of incorporation, changing its name to the Woodruff-Collins Printing Company, plaintiff returned to Nebraska and tried to sell his shares of stock to Mr. Hunter and to Mr. Woodruff. Mr. Hunter declined to purchase his stock because he had retired from the firm, but offered to try and find a purchaser for him, if plaintiff would leave the stock in his hands. Plaintiff thereupon instituted this suit against

defendants Hunter and Baker, president and secretary, respectively, of the Hunter Printing Company, charging fraud and deceit.

There is not a scintilla of evidence in the record sufficient to sustain any charge of either fraud or deceit against either of these defendants in the transaction. Consequently, the verdict in favor of the plaintiff for $47 was a pure gratuity to him. It is not complained of by the defendants, however, and for that reason it will not be set aside. Plaintiff's cause of action, if any, is one for an accounting with the Woodruff-Collins Printing Company for his proportionate share of the stock and dividends in that corporation. The fact that he is entitled to no relief whatever under the allegations and proof in the case at bar renders further examination of the alleged errors at the trial unnecessary.

We therefore recommend that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.